IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | 1:12CR382-1 |
| | ) | |
| CHAD DOUGLAS WILSON | ) | |

### MEMORANDUM OPINION AND ORDER

A federal grand jury for this district indicted the defendant for distributing marijuana in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D). (Docket Entry 1.) The case thereafter came before the Court for a hearing on an oral motion for detention by the United States, pursuant to 18 U.S.C. § 3142(f)(1)(D) and (2). (See Docket Entry dated Nov. 28, 2012.) At the end of the hearing, the Court orally ordered the defendant's detention because clear and convincing evidence established that no available release conditions would reasonably assure the safety of the community. (See id.) The Court now enters this written order memorializing that determination, as required by 18 U.S.C. § 3142(i)(1).

### BACKGROUND

A United States Probation Officer prepared a report regarding the defendant's history, residence, family ties, employment, financial resources, health (including as to mental health and substance abuse), and criminal record. Both parties had an opportunity to review that report before the detention hearing. At the hearing, the defendant stipulated to the accuracy of the factual information in the report and had "an opportunity to

testify, to present witnesses, to cross-examine witnesses who appear[ed] at the hearing, and to present information by proffer or otherwise," 18 U.S.C. § 3142(f). In that regard, the defendant (through counsel) cross-examined the federal agent called by the United States, but chose not to present any evidence beyond expanding by proffer on the third-party custodian proposal discussed in the Probation Officer's report.

DISCUSSION

In this case, "a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the safety of any other person and the community," 18 U.S.C. § 3142(e)(2), because:

1) this case constitutes one "described in [S]ubsection (f)(1) of [Section 3142]," 18 U.S.C. § 3142(e)(2), given that it "involves . . . any felony . . . [and the defendant] has been convicted of two or more offenses described in [S]ubparagraphs (A) through (C) of [Subsection (f)(1)], or two or more State or local offenses that would have been offenses described in [S]ubparagraphs (A) through (C) of [Subsection (f)(1)] if a circumstance giving rise to federal jurisdiction had existed, or a combination of such offenses," 18 U.S.C. § 3142(f)(1)(D);[1]

---

[1] "As used in [S]ections 3141-3150 . . . the term 'felony' means an offense punishable by a maximum term of imprisonment of more than one year," 18 U.S.C. § 3156(a)(3), and the offense charged in this case carries a maximum term of imprisonment of five years, see 21 U.S.C. § 841(b)(1)(D). Further, the defendant has a prior conviction in this Court for conspiracy to distribute MDMA in
(continued...)

-2-

2) the defendant "has been convicted of a Federal offense that is described in [S]ubsection (f)(1) of [Section 3142]," 18 U.S.C. § 3142(e)(2)(A);

3) that prior conviction for a Federal offense described in Section 3142(f)(1) "was committed while the [defendant] was on release pending trial for a Federal, State, or local offense," 18 U.S.C. § 3142(e)(2)(B); and

4) "a period of not more than five years has elapsed since the date of . . . the release of the [defendant] from imprisonment [for

---

[1](...continued)
violation of 21 U.S.C. §§ 846 and 841(b)(1)(C), "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. [§§] 801 et seq.)," 18 U.S.C. § 3142(f)(1)(C), as well as prior convictions under North Carolina law for two felony assaults and a second degree burglary, each of which constitutes a "crime of violence," 18 U.S.C. § 3142(f)(1)(A); see 18 U.S.C. § 3156(a)(4) (defining "crime of violence" for purposes of Section 3142 as including "an offense that has an element of the offense the use, attempted use, or threatened use of physical force against the person or property of another . . . [and] any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense"); see also Taylor v. United States, 495 U.S. 575, 589 (1990) ("The fact that an offender enters a building to commit a crime often creates the possibility of a violent confrontation between the offender and an occupant, caretaker, or some other person who comes to investigate. And the offender's own awareness of this possibility may mean that he is prepared to use violence if necessary to carry out his plans or to escape."); United States v. Little, No. 98-4391, 175 F.3d 1017 (table), 1999 WL 156153, at *5 (4th Cir. Mar. 23, 1999) (unpublished) (recognizing that "assault" under North Carolina law requires proof of "force, attempted force, or threat of force"); United States v. Alston, No. 94-5498, 56 F.3d 62 (table), 1995 WL 331095, at *3 (4th Cir. June 2, 1995) (unpublished) (same); State v. Barts, 316 N.C. 666, 689, 343 S.E.2d 828, 843 (1986) ("The constituent elements of second-degree burglary are: (1) the breaking (2) and entering (3) in the nighttime (4) into a dwelling house or sleeping apartment (5) of another (6) with the intent to commit a felony therein.").

that prior conviction for a Federal offense described in Section 3142(f)(1)]," 18 U.S.C. § 3142(e)(2)(C).[2]

The foregoing presumption of detention represents one of two such presumptions established in Section 3142(e). See 18 U.S.C. § 3142(e)(2) and (3). Although the two presumptions differ as to certain of their requirements and to the extent that the presumption under Section 3142(e)(2) only relates to risk of danger (whereas the presumption under Section 3142(e)(3) applies both to risk of danger and of nonappearance), Section 3142(e) otherwise reveals no grounds to apply them differently. See id. Accordingly, other courts have held that, as with the presumption under Section 3142(e)(3), the presumption under Section 3142(e)(2):

> does not shift the burden of persuasion to the defendant;
> it does place a burden of production on the defendant,
> and even if evidence to meet that burden is produced, the
> presumption does not disappear. The Court is permitted
> to incorporate into the calculus Congress' judgment that
> defendants who have recently been convicted of felonies
> which were committed when they were on release (or bail)
> are dangerous and pose a particularly great risk to the
> safety of other persons and the community.

---

[2] As to these latter three elements of the presumption, the defendant has a prior conviction in this Court for conspiracy to distribute MDMA in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C), "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. [§§] 801 et seq.)," 18 U.S.C. § 3142(f)(1)(C), that conspiracy took place from April through October 2001, during which time the defendant was released pending trial in North Carolina courts on charges of trafficking in MDA/MDMA, conspiracy to traffic by possessing a controlled substance, possession of cocaine, second degree burglary, and felony assault, and the defendant's release from the sentence he received in this Court for conspiracy to distribute MDMA did not occur until September 2009.

-4-

United States v. Close, 550 F. Supp. 2d 185, 187-88 (D. Mass. 2008); accord, e.g., United States v. Harris, Crim. No. 09-305, 2010 WL 456920, at *6-8 (W.D. Pa. Feb. 3, 2010) (unpublished).[3]

In resolving the issue of release or detention where the defendant rebuts the presumption (such that it only constitutes a factor for the Court's consideration), the Court also must consider these statutorily-prescribed factors: "(1) the nature and circumstances of the offense charged . . .; (2) the weight of the

---

[3] Many circuit courts have held that "[S]ection 3142(e)(3)'s presumption in favor of detention imposes only a 'burden of production' on the defendant . . . ." United States v. Stone, 608 F.3d 939, 945 (6th Cir. 2010) (citing as examples decisions from the Second and Seventh Circuits); accord United States v. Hir, 517 F.3d 1081, 1086 (9th Cir. 2008); United States v. Abad, 350 F.3d 793, 797 (8th Cir. 2003); United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991); United States v. Stricklin, 932 F.3d 1353, 1354-55 (10th Cir. 1991); United States v. Quartermaine, 913 F.2d 910, 916 (11th Cir. 1990); United States v. Hare, 873 F.2d 796, 798 (5th Cir. 1989); United States v. Carbone, 793 F.2d 559, 560 (3d Cir. 1986). District courts in this Circuit also have adopted that view. See, e.g., United States v. Hill, No. 1:06CR82-1, 2007 WL 547611, at *1 (N.D.W. Va. Feb. 16, 2007) (unpublished). Similarly, in applying the presumption under Section 3142(e)(3), many circuit courts and district courts in this Circuit have held that, "[e]ven when a defendant satisfies his burden of production, however, 'the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the district court' . . . because it is not simply an evidentiary tool designed for the courts. Instead, the presumption reflects Congress's substantive judgment that particular classes of offenders should ordinarily be detained prior to trial." Stone, 608 F.3d at 945 (internal citations omitted) (quoting United States v. Mercedes, 254 F.3d 433, 436 (2d Cir. 2001)); accord Hir, 517 F.3d at 1086; Abad, 350 F.3d at 797; Dillon, 938 F.2d at 1416; Stricklin, 932 F.3d at 1355; Hare, 873 F.2d at 798-99; United States v. Dominguez, 783 F.2d 702, 707 (7th Cir. 1986); United States v. Medina, 775 F.2d 1398, 1402 (11th Cir. 1985); United States v. Jinwright, No. 3:09CR67-W, 2010 WL 2926084, at *1 (W.D.N.C. July 23, 2010) (unpublished); United States v. Moore, No. 2:09CR222-41, 2010 WL 1006205, at *2 (S.D.W. Va. Mar. 16, 2010) (unpublished); Hill, 2007 WL 547611, at *1.

evidence against the [defendant]; (3) the history and characteristics of the [defendant] . . .; and (4) the nature and seriousness of the danger to any person or the community that would be posed by [the defendant's] release."  18 U.S.C. § 3142(g).  Based on the record before it, the Court makes these findings of fact and/or conclusions of law:

1) the offense charged against the defendant is serious and involved circumstances that endangered the community, see, e.g., United States v. Caro, 597 F.3d 608, 624 (4th Cir. 2010) ("[I]llegal drugs have long and justifiably been associated with violence."); United States v. Peterson, Nos. 95-5407, 95-5449, 95-5518, 95-5519, 210 F.3d 363 (table), 2000 WL 305137, at *13 (4th Cir. Mar. 24, 2000) (unpublished) ("Drug trafficking is an extremely serious crime with far-reaching effects."); United States v. Williams, 753 F.2d 329, 333-35 & n.13 (4th Cir. 1985) (reversing release order and recognizing that drug-dealing constitutes a danger to the community); 18 U.S.C. § 3142(g)(1) (citing issue of whether offense "involves . . . controlled substance" as important to assessment of offense);

2) the weight of the evidence against the defendant appears strong, in that a confidential informant made controlled, audio-recorded purchases of marijuana, as well as items represented as other controlled substances and steroids, on the date charged in the indictment and of items represented as controlled substances and steroids on a second date; and

3) the history and characteristics of the defendant raise the following concerns regarding danger to the community posed by the defendant's release:

    A) the instant offense conduct occurred while the defendant was on supervised release as a result of a prior conviction in this Court for conspiracy to distribute MDMA (for which he served an active prison term of 65 months);

    B) in addition to the foregoing federal drug conspiracy conviction, the defendant has prior convictions in North Carolina courts for trafficking in MDA/MDMA, conspiracy to traffic by possessing a controlled substance, and felony assault with a deadly weapon on a Government official (all in 2001) and for second degree burglary and felony assault with a deadly weapon (both in 2002);

    C) the offense conduct underlying the defendant's foregoing federal drug conspiracy conviction occurred while the defendant was released on bond for the foregoing North Carolina charges (and others); and

    D) the defendant has a significant history of substance abuse, as well as other admitted issues of self-control.

The Court assumes that the defendant has rebutted the presumption of detention under Section 3142(e)(2) by pointing to the availability of a third-party custodian and electronic monitoring, but nonetheless concludes that the record establishes by clear and convincing evidence that no available release conditions reasonably would assure the safety of the community. In

this regard, the Court notes the serious nature of and inherent community danger posed by the instant offense conduct, as well as the defendant's record of prior similar criminal conduct, including while on release (as reflected by the presumption of detention that applies in this case).  Under the proposed release plan, the third-party custodian would not reside with the defendant (but rather in a home nearby) and thus would lack the ability to closely monitor the defendant's actions.  Given that the instant offense conduct included at least one instance of the defendant distributing drugs from his residence and that he has a record of conspiratorial drug activity, home confinement with electronic monitoring with such a limited third-party custodian would not adequately assure that the defendant would refrain from drug dealing, a course of conduct the record otherwise shows he will resume while on release.

**IT IS THEREFORE ORDERED** that the Motion for Detention by the United States is **GRANTED** and the defendant shall be detained pending disposition of the charges under 18 U.S.C. § 3142(e)(1).  The defendant is committed to the custody of the United States Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal.  The defendant shall have a reasonable opportunity for private consultation with defense counsel.  On order of a United States court or on request of an attorney for the Government, the

person in charge of the corrections facility shall deliver the defendant to the United States Marshal for court proceedings.

                                      /s/ L. Patrick Auld
                                          **L. Patrick Auld**
                                  **United States Magistrate Judge**

November 30, 2012